**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

```
CLARENCE PHIPPEN,              :    CIVIL NO. 3:04-CV-1606
                               :
        Petitioner             :    (Chief Judge Vanaskie)
                               :
     v.                        :    (Magistrate Judge Smyser)
                               :
COMMONWEALTH OF PENNSYLVANIA,  :
                               :
        Respondent             :
```

**REPORT AND RECOMMENDATION**

On July 22, 2004, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 26, 2004, the petitioner filed an amended petition for a writ of habeas corpus.

By an Order dated July 27, 2004, we gave the petitioner the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered the petitioner to inform the court on or before August 6, 2004 whether he wants (1) to have his petition ruled upon as filed; (2) if his pleading is not styled as a

§ 2254 petition, to have his pleading recharacterized as a § 2254 petition and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals as required by 28 U.S.C. § 2244(b); or (3) to withdraw his petition and file one all-inclusive petition within the one-year statutory period prescribed by 28 U.S.C. § 2244(d).

Although the petitioner did not file a response to our Order of July 27, 2004, the petitioner did file a response to a similar order issued in another habeas case that the petitioner had filed - 3:CV-04-1646.  In that response, the petitioner indicated that he wants to proceed with the instant habeas petition and not the petition in 3:CV-04-1646.  By a Report and Recommendation filed on August 26, 2004, it was recommended that the petition in 3:CV-04-1646 be dismissed and that the case file in that case be closed.  By an Order dated September 16, 2004, the petition in 3:CV-04-1646 was dismissed.  Given that the plaintiff indicated that he wishes to proceed with the habeas petition in the instant case, by an Order filed on August 26, 2004, we directed that the petition be served on the

respondent and that the respondent file a response to the petition.

After requesting and receiving an extension of time, the respondent filed an answer to the petition on October 4, 2004. The petitioner requested and received an extension of time until November 1, 2004 to file a reply. The petitioner, however, did not file a reply.

The petitioner was convicted by a jury in the Court of Common Pleas of Lycoming County Pennsylvania of aggravated assault, aggravated assault with a deadly weapon, simple assault, terroristic threats and recklessly endangering another person. *Commonwealth v. Phippen*, No. 98-11, 374, slip op. at 6 (C.C.P. Lycoming Cty. June 21, 2000). On October 7, 1999, the petitioner was sentenced to a term of incarceration of 42 months to 15 years. *Id.*

The petitioner appealed his conviction and sentence to the Pennsylvania Superior Court. *Commonwealth v. Phippen*, No. 23 MDA 2000, slip op. (Pa.Super.Ct. Aug. 20, 2001). The petitioner raised four issues in the Superior Court. *Id.* at 4-

5.  On August 20, 2001, the Pennsylvania Superior Court denied on the merits the petitioner claim that the evidence at trial was insufficient to support his aggravated assault convictions. *Id.* at 4-7.  The Superior Court found that the other claims raised by the petitioner were waived because the petitioner failed develop a legal argument or to support those claims with relevant facts and legal authorities. *Id.* at 7.   The petitioner did not file an appeal to the Pennsylvania Supreme Court.

On or about March 24, 2003, the petitioner filed a petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).  *See Commonwealth v. Phippen*, No. 98-11374, slip order (C.C.P. Lycoming Cty. July 12, 2004).  By an Order dated July 12, 2004, the PCRA court indicated that the petitioner's PCRA petition was untimely. *Id.*  The PCRA court proposed to deny the petition as untimely but gave the petitioner 30 days to respond to the proposed dismissal. *Id.* By an Order dated September 30, 2004, the PCRA court denied the petitioner's PCRA petition as untimely.  *Commonwealth v. Phippen*, No. 98-11374, slip order (C.C.P. Lycoming County Sept. 30, 2004).  On November 5, 2004, the petitioner filed an appeal

of the denial of his PCRA petition to the Pennsylvania Superior Court.  *Commonwealth v. Phippen*, 1729 MDA 2004 (docket sheet - obtained at www.superior.court.state.pa.us).

The amended petition in this case contains numerous claims (103 numbered paragraphs).  The respondent contended that the petitioner's claims should be dismissed either because the petitioner has failed to exhaust state court remedies or because the petitioner has procedurally defaulted his claims.

In a Report and Recommendation dated November 24, 2004, we indicated that the petitioner exhausted state remedies with regard to his claim that there was not sufficient evidence at trial to support his aggravated assault convictions - the Pennsylvania Superior Court addressed that claim on the merits in connection with the petitioner's direct appeal.  However, since the petitioner's appeal of the denial of his PCRA petition was pending in the Pennsylvania Superior Court at that time, we concluded that the petitioner had not exhausted state remedies with regard to his other claims. Pursuant to *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004), we recommended that the petition for a writ of habeas corpus be stayed pending the

petitioner's exhaustion of state remedies.  By an Order dated January 28, 2005, the Report and Recommendation was adopted and this case was stayed pending the outcome of the petitioner's appeal to the Pennsylvania Superior Court.

By a letter filed on June 30, 2005, the petitioner informed the court that the Superior Court had decided his appeal.  By an Order dated July 5, 2005, Chief Judge Vanaskie vacated the stay in this case and remanded the case to the undersigned for further proceedings.

By an Order filed on October 13, 2005, the respondent was ordered to file, on or before October 26, 2005, an amended answer to the habeas corpus petition in this case in light of the decision by the Pennsylvania Superior Court on the petitioner's appeal.  The respondent was ordered to indicate whether it still contends that the petitioner has failed to exhaust state remedies and/or that he has procedurally defaulted his claims.  The respondent was also ordered to indicate whether or not it contends that the petition is barred by the statute of limitations.  The Order of October 13, 2005 provided that the petitioner may file a reply within ten days

of the date the respondent files its amended answer to the petition.

On October 26, 2005, the respondent filed an amended answer to the petition.  The respondent submitted a copy of the Superior Court's decision of June 9, 2005 affirming the PCRA court's denial of the petitioner's PCRA petition.  The Superior Court found that the petitioner's PCRA petition was untimely.  The respondent contends that the petitioner procedurally defaulted his claims.  The respondent also contends that the petition should be dismissed as untimely.  The petitioner has not filed a reply.

We will address the respondent's argument that the petition is untimely.  We note that in the Report and Recommendation filed on November 24, 2004, we indicated that it appears that, absent equitable tolling, the petition in this case was not timely filed.  We also noted however that the respondent had not raised the statute of limitations as an affirmative defense and, thus, it appeared that the respondent waived that defense.  In the Order of January 28, 2005, citing *Long v. Wilson,* 393 F.3d 390, 399-400 (3d Cir. 2004) and

7

*Robinson v. Johnson*, 313 F.3d 128, 141 (3d Cir. 2002), Judge Vanaskie noted that although the statute of limitations defense was not initially raised by the respondent, it may be that the respondent can amend its answer to the petition and raise that defense when the stay of litigation is vacated.  In the Order of October 13, 2005, we specifically ordered the respondent to indicate whether or not it contends that the petition is barred by the statute of limitations.  In its amended answer, the respondent raised the statute of limitations defense.  The petitioner was given the opportunity to respond to the statute of limitations defense by filing a reply to the respondent's amended answer.  The petitioner has not filed a reply and there is no basis to infer that the petitioner has been prejudiced by the failure of the respondent to raise the statute of limitations defense at an earlier time.  Accordingly, we conclude that it is appropriate to consider the statute of limitations defense in this case.

    28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner's conviction became final on or about September 19, 2001 (thirty days after the Pennsylvania Superior Court's order denying petitioner's direct appeal). Absent equitable tolling or a start date for the statute of limitations under 28 U.S.C. § 2244(d) other than the date the conviction became final, the statute of limitations expired one year later (on or about September 18, 2002). Although pursuant to the Order of October 13, 2005, the petitioner was provided with an opportunity to file a reply to the respondent's amended

answer, the petitioner has not filed a reply arguing that the statute of limitations should be equitably tolled or that the start date for the statute of limitations under 28 U.S.C. § 2244(d) should be other than the date the conviction became final.  Accordingly, we conclude that the petition in this case, which was not filed until July 22, 2004, is untimely.  For that reason, we will recommend that the petition be denied.[1]

    Based on the foregoing it is recommended that the petition be denied and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

DATED: December 19, 2005.

---

[1] Given that we recommend that the petition be denied on the basis that it was not timely filed, we need not address the respondent's argument that the petitioner procedurally defaulted his claims.  We note, however, that even assuming *arguendo* that the petitioner procedurally defaulted the claims that he raised in his PCRA petition, he did not procedurally default his claim that there was not sufficient evidence at trial to support his aggravated assault convictions since that claim was addressed by the Superior Court on the merits in connection with the petitioner's direct appeal.