**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLARENCE PHIPPEN,** : | |
| : | |
| Petitioner : | |
| : | |
| vs.  : | 3:CV-04-1606 |
| : | (JUDGE VANASKIE) |
| **COMMONWEALTH OF PENNSYLVANIA,** : | |
| : | |
| Respondent : | |

## O R D E R

**April 10, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

By Report and Recommendation filed on December 19, 2005 (Dkt. Entry 25), Magistrate Judge J. Andrew Smyser proposed that the *pro se* habeas corpus petition of Clarence Phippen filed pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d). Magistrate Judge Smyser found the § 2254 petition to be untimely based upon the following facts:

- Phippen filed a direct appeal from his conviction to the Pennsylvania Superior Court, but did not petition the Pennsylvania Supreme Court for allowance of appeal.

- Phippen's state court conviction became final on September 19, 2001, when the time for filing a petition for allowance of appeal from the August 20, 2001

       Superior Court decision affirming his conviction expired.

- Phippen did not file a petition for post conviction collateral review in the state court system until March of 2003.

- The one year limitations period ran unabated from September 19, 2001 until it expired on September 19, 2002.

- The habeas corpus petition was not filed in this Court until July 22, 2004, almost two years after the limitations period had expired.

Phippen has objected to the Report and Recommendation, presenting several arguments why his habeas petition should not be dismissed. Each contention has been accorded plenary consideration, and the record has been reviewed *de novo* in accordance with 28 U.S.C. § 636(b).

First, Phippen contends that this Court should exclude the period of time from the affirmance of his conviction by the Pennsylvania Superior Court in August of 2001 until his receipt of correspondence from his counsel informing him of that fact in November of 2001. The plain language of the applicable statute, however, compels rejection of this argument. Section 2244(d)(1)(A) of title 28 U.S.C., in pertinent part, provides that the limitations period is to begin running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Thus, the limitations period began running on September 19, 2001, when the time for seeking direct review expired, and not on

the date when Phippen first learned of that fact.  See Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir. 2000); Evans v. Senkowski, 228 F. Supp. 2d 254, 259 (E.D. N.Y. 2002).

Phipppen next argues that correspondence he sent to the state trial court in April of 2002 and a letter/motion he sent to the state trial court in May of 2002, entitled "Nunc Pro Tunc/New Trial," (Exhibit "K" to the Objections to the Report and Recommendation, Dkt. Entry 29-16), should be regarded as petitions for collateral review under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C. S. § 9541, et seq.  In this regard, § 2244(d)(2) of title 28 U.S.C. provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  (Emphasis added.)  As the statutory language indicates, only "properly filed" applications for post-conviction collateral relief serve to toll the running of the limitations period.  By Order dated May 13, 2002, the state trial court denied Phippen's nunc pro tunc motion for new trial, advising him that the proper procedural device to challenge his conviction and sentence was a petition under the PCRA.  The state trial court also informed Phippen that the appropriate form for doing so could be obtained at the state correctional institution.  The state trial court reiterated this advice to Phippen in an Order entered in June of 2002, denying his request for appointment of counsel.  The state court's rejection of the filings made by Phippen in the Spring of 2002 compels the conclusion that they may not be regarded as properly filed applications for post conviction relief.  See Satterfield v.

Johnson, 434 F.3d 185, 194-95 (3d Cir.), cert. denied, 127 S.Ct. 198 (2006)(post-conviction motions and applications that fail to comply with state law are not "properly filed" applications for post conviction review under § 2244(d)(2)).[1]

Even if the nunc pro tunc motion for a new trial were regarded as a "properly filed" petition under the PCRA, the limitations period would have been tolled only while that motion remained pending.  As noted above, it was dismissed on May 13, 2002.  No appeal was taken.  Thus, at best, the filing of the nunc pro tunc motion for a new trial would have extended the running of the limitations period for only two months.  Phippen's federal habeas corpus petition was filed 22 months after the statute of limitations had expired.  He thus cannot avoid dismissal based upon the filings he made in the Spring of 2002.

Indeed, the eventual filing by Phippen of a PCRA petition in March of 2003 did not suspend the running of the limitations period for seeking federal habeas corpus review.  Phippen's state PCRA petition was rejected as untimely, and thus cannot be regarded as a "properly filed" application for post-conviction collateral review under § 2244(d)(2).  See Pace v.

---

[1] Phippen's letter to the state trial court in April of 2002 and his request for appointment of counsel in June of 2002 are not considered applications for post-conviction or other collateral review for purposes of tolling the limitations period.  See Gilbert v. Reid , No. 06-1001, 2007 WL 521194, at *3 (10th Cir., Feb. 21, 2007); Voravongsa v. Wall, 349 F.3d 1, 7 (1st Cir. 2003).  Moreover, the trial court's prompt rejection of the motion for appointment of counsel indicates that, even if the motion fell within § 2242(d)(2), the limitations period would have been suspended only briefly, with no effect on the conclusion that this action is time-barred.

DiGuglielmo, 544 U.S. 408, 413-17 (2005).  As the Court stated in Pace, "[w]hen a post conviction petition is untimely under state law, 'that [is] the end of the matter" for purposes of § 2244(d)(2)."  Id. at 414.

Thus, as Magistrate Judge Smyser found, the limitations period in this case ran unabated from the time when Phippen's conviction became final on September 19, 2001, until he filed the habeas petition in this Court on July 22, 2004.  Phippen asserts that he believed that his PCRA petition would be timely because he thought that he had one year from his "last correspondence" with the state trial court within which to file a PCRA petition.  (Objections to Report and Recommendation, Dkt. Entry 29, at 3.)  Under this scenario, he would have had until May or June of 2003 within which to seek state court collateral review of his conviction.  Even if Phippen's understanding had been correct, the limitations period for seeking federal court review would have expired.  Moreover, Phippen's misunderstanding as to the running of the limitations period for a PCRA petition affords no basis for equitable tolling of the limitations period for a federal habeas petition.  See Merritt v. Blaine, 326 F.3d 157, 169-70 (3d Cir. 2003).

Phippen has not presented any evidence sufficient to invoke the doctrine of equitable tolling.  He has not shown that he was affirmatively misled by some state actor as to the deadline for filing for relief under the PCRA or § 2254.  Nor has he shown that he was in some extraordinary way prevented from asserting his rights or mistakenly sought relief in an incorrect forum.  In this regard, it is significant that in May of 2002, the state trial court specifically

informed Phippen that the appropriate avenue for collateral review of his conviction was a PCRA petition.  At that time, there still remained approximately four months within which to file a PCRA petition.  Phippen did not act with due diligence in seeking relief from the state courts.[2]  Under these circumstances, neither his claimed miscalculation of the statutory time period nor alleged ignorance of the applicable limitations period affords a basis for tolling the limitations period.  See Jones v. Morton, 195 F.3d 153, 159-60 (3d Cir. 1999); Delgado v. McFarland, No. Civ. A. 06-425, 2006 WL 3591283, at *5 (D.N.J. Dec. 8, 2006).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Smyser (Dkt. Entry 25) is **ADOPTED.**

2. The Petition for a writ of habeas corpus is **DISMISSED.**

3. The Clerk of Court is directed to mark this matter **CLOSED.**

4. There is no basis for the issuance of a certificate of appealability.

                                         **s/ Thomas I. Vanaskie**
                                         Thomas I. Vanaskie
                                         United States District Judge

---

[2]Phippen also contended that the limitations period should be tolled while he was housed in segregated confinement from November, 2001 until February of 2002.  Even excluding this four-month period, his federal habeas petition would be untimely by approximately 18 months.  Thus, there is no need to address the effect of his confinement in segregation because the habeas petition would be untimely even if this argument were accepted as a basis for suspending the running of the limitations period.